

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00401-CR

———————————————

TRINIDAD ALVARADO, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 297th District Court
Tarrant County, Texas
Trial Court No. 1542459D

---

Before Birdwell, Bassel, and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

Appellant Trinidad Alvarado appeals from his conviction and punishment for possession of a controlled substance. Finding no arguable or potentially plausible grounds to support the appeal, we affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(a).

On March 5, 2018, Officers Jentry Cotten and Mark Stokes stopped a driver— later identified as Alvarado—who did not timely activate his turn signal and made an improper wide turn at an intersection. When Cotten approached the truck, Alvarado was "fidgeting [and] . . . shifting around in the car." Cotten saw a black case between the seats and asked Alvarado to get out of the truck. Alvarado said there was nothing illegal in the truck and consented to a search of the truck. The case Cotton had seen contained a small amount of a crystal-like substance that appeared to be methamphetamine. Cotten gave the case and its contents to Stokes, arrested and handcuffed Alvarado, and placed Alvarado in the back of the patrol car. Cotten then noticed a plastic bag on the ground where Alvarado had been standing during the search of the truck. The bag contained a larger amount of a crystal-like substance that appeared to be methamphetamine. Later testing confirmed that the substance in the plastic bag was more than 4 grams of methamphetamine. After Alvarado was taken to the police station and formally read his rights, he admitted that he knew there was methamphetamine in the black case in the truck, that the plastic bag of methamphetamine on the ground was his, and that he had intended to deliver the

plastic bag of methamphetamine to someone. He also stated that he "got caught with seven grams of ice"—methamphetamine.

A grand jury indicted Alvarado with the second-degree felony offense of intentionally or knowingly possessing at least 4 but less than 200 grams of methamphetamine. *See* Tex. Health & Safety Code Ann. § 481.115(a), (d). The State gave notice that it intended to enhance the available punishment range based on Alvarado's felony convictions for possession of a controlled substance with the intent to deliver in 2003 and for aggravated assault causing serious bodily injury in 1991. *See* Tex. Penal Code Ann. § 12.42(d). A jury found Alvarado guilty of the indicted offense, found the enhancement allegations true, and assessed his punishment at 40 years' confinement. The trial court sentenced Alvarado accordingly; Alvarado did not file a motion for new trial but timely appealed.

Alvarado's court-appointed appellate counsel has filed a motion to withdraw, accompanied by a brief in support of that motion. In the brief, counsel states that in his professional opinion, the appeal is frivolous and without merit because there are no nonfrivolous grounds to be raised. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable or potentially plausible grounds for relief. 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967); *see In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding). Counsel has discussed the evidence adduced at trial, pointed out trial court rulings, and discussed either why the

3

trial court's ruling was correct or why Alvarado was not harmed. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978). After being given access to the appellate record, Alvarado responded and argued that the drug evidence should have been suppressed; the State unlawfully withheld his own mental-health history, which he asserted was exculpatory; and his trial and appellate counsel were constitutionally ineffective. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014). The State responded that it agreed with appellate counsel that there are no grounds upon which to advance Alvarado's appeal.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that an appeal is frivolous and fulfills the requirements of *Anders*, we have a supervisory obligation to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). In this evaluation, we consider the record, the arguments raised in the *Anders* brief, and any response filed by the pro se appellant. *See United States v. Wagner*, 158 F.3d 901, 902 (5th Cir. 1998); *Schulman*, 252 S.W.3d at 407–08; *In re A.H.*, 530 S.W.3d 715, 717 (Tex. App.—Fort Worth 2017, no pet.). We have carefully reviewed the entire record, counsel's brief, and Alvarado's pro se responses. We independently conclude that there is nothing in the record that might arguably support the appeal and that the appeal is frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment. *See Penson v. Ohio*, 488 U.S.

4

75, 82–83, 109 S. Ct. 346, 351 (1988); *Kelly*, 436 S.W.3d at 318–19; *Meza v. State*, 206 S.W.3d 684, 689 (Tex. Crim. App. 2006).

Although we have disposed of Alvarado's appeal, we note that appellate counsel here ably walked the line between discharging his professional obligations under *Anders* and assuring that Alvarado's constitutional rights are honored. *See generally McCoy v. Ct. of App. of Wis., Dist. 1*, 486 U.S. 429, 444, 108 S. Ct. 1895, 1904 (1988) ("The *Anders* brief is not a substitute for an advocate's brief on the merits. . . . [I]t is a device for assuring that the constitutional rights of indigent defendants are scrupulously honored."). Not all such briefs are so careful. It is not uncommon for counsel to blur the line between a winnable ground and an arguable or potentially plausible ground. By doing so, some counsel improperly determine that an appeal is not winnable and file an *Anders* brief, contending that there are no arguable or potentially plausible grounds supporting the appeal. However, sometimes appellate counsel should consider throwing a Hail Mary to zealously advocate for the client, even if unlikely to result in the winning touchdown, while understanding that governing ethical standards would be violated if they choose to throw that same Hail Mary in a case where all issues are clearly not arguable or potentially plausible. Our point is that appellate counsel must be zealous up to the point that the appeal is determined to be frivolous. *See id.* at 444, 108 S. Ct. at 1905. Only then may counsel seek to withdraw and support that request with a brief that specifically delineates how

counsel made the conclusion that the appeal is frivolous based on the record. In this case, counsel did so.

/s/ Brian Walker

Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: November 4, 2021